UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MOUSSA DIA,

              Petitioner,

v.

KEVIN RAYCRAFT et al.,

              Respondents.

_____/

Case No. 1:26-cv-963

Honorable Jane M. Beckering

## **OPINION**

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## I.      **Procedural History**

In Petitioner's § 2241 petition, Petitioner challenges the constitutionality of his current detention following an order issued by the Detroit Immigration Court denying him bond, and asks the Court to, *inter alia*, issue a writ of habeas corpus ordering Respondents to release Petitioner. (Pet., ECF No. 1, PageID.8.)

In an order entered on March 30, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should not be granted. (Order, ECF No. 4.) Respondents filed their response and a recording of the

March 24, 2026, bond hearing on April 2, 2026. (Resp., ECF No. 5; Recording of Mar. 24, 2026, Bond Hearing, filed on Apr. 2, 2026.) Petitioner filed his reply on April 7, 2026. (ECF No. 6.)

On April 24, 2026, the Court ordered Respondents to submit a written sur-reply providing more information regarding the notice provided to Petitioner of the March 24, 2026, bond hearing. (Order, ECF No. 7.) On April 28, 2026, Respondents filed a sur-reply. (Sur-Reply, ECF No. 8.)

## II.    Relevant Factual Background

Petitioner is a citizen of Senegal who entered the United States in September 2023. (Form I-213, ECF No. 1-2, PageID.18.) On December 16, 2025, Petitioner was arrested by ICE. (*Id.*)

On January 15, 2026, Petitioner filed a § 2241 petition challenging his initial detention without a bond hearing in *Dia v. Raycraft* (*Dia I*), No. 1:26-cv-151 (W.D. Mich.). In *Dia I*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Dia I*, (W.D. Mich. Jan. 30, 2026), (ECF Nos. 6, 7).

On February 5, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Rep., *Dia I*, (W.D. Mich. Feb. 9, 2026), (ECF No. 8). At the conclusion of the February 5, 2026, bond hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, determining that Petitioner "has not established he does not present a flight risk." Order Immigration Judge, *Dia I*, (W.D. Mich. Feb. 9, 2026), (ECF No. 8-1).

On March 2, 2026, Petitioner filed a new § 2241 petition challenging the constitutionality of the February 5, 2026, bond hearing in *Dia v. Raycraft* (*Dia II*), No. 1:26-cv-692 (W.D. Mich.). In *Dia II*, the Court conditionally granted Petitioner's petition for a writ of habeas corpus pursuant

to 28 U.S.C. § 2241, ordering Respondents to provide Petitioner with a bond hearing before an immigration judge within five business days of the date of the Court's Opinion and Judgment or, in the alternative, immediately release Petitioner from custody. Op. & J., *Dia II*, (W.D. Mich. Mar. 18, 2026), (ECF Nos. 8, 9).

On March 24, 2026, Petitioner received a bond hearing pursuant to § 1226(a). Status Rep., *Dia II*, (W.D. Mich. Mar. 26, 2026), (ECF No. 11, PageID.168.) At the conclusion of the March 24, 2026, hearing, in a written order, the Immigration Judge denied Petitioner's request for bond, stating: "DHS established by clear and convincing evidence that [Petitioner] is a flight risk." Order Immigration Judge, *Dia II*, (W.D. Mich. Mar. 26, 2026), (ECF No. 11-1).

Also on March 24, 2026, Petitioner filed a motion to enforce judgment in *Dia II*, Mot. Enforce Judgment, *Dia II* (W.D. Mich. Mar. 24, 2026), (ECF No. 10), as well as a § 2241 petition initiating the instant case. (Pet., ECF No. 1.) In Petitioner's motion to enforce judgment and his petition in the instant case, Petitioner argued that Respondents had failed to comply with the Court's March 18, 2026, judgment by providing insufficient notice of the March 24, 2026, bond hearing. (Pet., ECF No. 1, PageID.4); Mot. Enforce Judgment, *Dia II* (W.D. Mich. Mar. 24, 2026), (ECF No. 10, PageID.62). Petitioner also challenged the Immigration Judge's findings and analysis following the March 24, 2026, bond hearing. (Pet., ECF No. 1, PageID.6); Mot. Enforce Judgment, *Dia II* (W.D. Mich. Mar. 24, 2026), (ECF No. 10, PageID.62–63).

On April 2, 2026, Respondents filed their response to Petitioner's § 2241 petition in the instant case, arguing that the March 24, 2026, bond hearing Petitioner received complied with constitutional requirements. (Resp., ECF No. 5, PageID.116.) Respondents incorporated by reference that response as their response to Petitioner's motion to enforce judgment in *Dia II*. Mot. Resp., *Dia II*, (W.D. Mich. Apr. 7, 2026), (ECF No. 12, PageID.173).

In an order entered on May 8, 2026, this Court granted Petitioner's motion to enforce judgment in *Dia II* on the basis that Respondents had failed to comply with the notice requirement of the Court's March 18, 2026, judgment. Order, *Dia II*, (W.D. Mich. May 8, 2026), (ECF No. 13). The Court ordered Respondents to provide Petitioner with a bond hearing under § 1226(a) within five business days of the date of the Court's Order or, in the alternative, immediately release Petitioner from custody. *Id*., (PageID.184.)

III.    **Discussion**

In Petitioner's § 2241 petition, he contends that the March 24, 2026, bond hearing in the Detroit Immigration Court failed to comply with the Court's March 18, 2026, judgment. (Pet., ECF No. 1, PageID.4–7.) Petitioner's motion to enforce judgment in *Dia II* presented the same argument. Mot. Enforce Judgment, *Dia II* (W.D. Mich. Mar. 24, 2026), (ECF No. 10). After Petitioner submitted the present § 2241 petition, the Court entered an order granting Petitioner's motion to enforce judgment in *Dia II* and ordering that Respondents provide Petitioner a new § 1226 bond hearing or, alternatively, that Respondents release Petitioner from custody. Order, *Dia II*, (W.D. Mich. May 8, 2026), (ECF No. 13, PageID.184).

Accordingly, because in *Dia II*, the Court ordered that Petitioner receive a new bond hearing in the Detroit Immigration Court, the Court will dismiss the instant action without prejudice as moot. *See Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976) ("As between federal district courts, however, though no precise rule has evolved, the general principle is to avoid duplicative litigation." (citations omitted)).

**<u>Conclusion</u>**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:      May 14, 2026            /s/ Jane M. Beckering
                                    Jane M. Beckering
                                    United States District Judge